TRULINCS  11975508 - MEDINA, JACOB MATTHEW - Unit: SHE-C-L

FILED 4 AUG '26 10:34USDC-ORP

-------------------------------------------------------------------------------------------------------



SUBJECT: Medina Petition For Habeas Corpus
DATE: 07/25/2026 06:21:06 PM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

JACOB MATTHEW MEDINA,
Petitioner,

v..

ACTING WARDEN, FCI SHERIDAN,
Respondent.

Case No. 3:26-cv-01325-SI

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

## I. INTRODUCTION

Petitioner Jacob Matthew Medina respectfully submits this Memorandum of Law in Support of his Petition for a Writ of Habeas Corpus under 28 U.S.C. Section 2241. Petitioner challenges the Bureau of Prisons (BOP) miscalculation and withholding of First Step Act (FSA) earned time credits. The BOP has committed two distinct, mathematically verifiable errors in administering Petitioner's FSA credits: (1) unlawfully delaying the start of his FSA accrual from his federal sentencing date (January 4, 2022) to the date he physically arrived at a BOP facility (August 23, 2022); and (2) unlawfully delaying the application of his 15-day earning rate until his third risk assessment, despite the statute strictly mandating this rate increase after two consecutive low/minimum risk assessments.

If calculated correctly according to the plain text of 18 U.S.C. Section 3632, Petitioner is owed approximately 110 additional days of FSA credit. The immediate application of these credits directly impacts Petitioner's liberty interest, mandating his immediate transfer to a Residential Reentry Center (RRC). Because waiting for the BOP's slow, multi-tiered administrative grievance process would cause Petitioner to serve time beyond his lawful RRC transfer date, administrative exhaustion is futile and must be excused by this Court.

## II. FACTUAL BACKGROUND

Petitioner was federally sentenced on January 4, 2022. Due to an active writ for a state case, he was held in state custody while federally sentenced, and did not physically arrive at a designated BOP facility until August 23, 2022. The BOP incorrectly decided that Petitioner could not earn FSA credits during this 231-day period between his sentencing and his physical arrival.

Once in BOP physical custody, Petitioner began actively programming and earning FSA credits at a baseline rate of 10 days for every 30 days of successful participation. His FSA risk assessment timeline is as follows:
Initial Team Assessment: September 20, 2022
First Assessment: March 19, 2023 (Scored Low Risk)
Second Assessment: September 15, 2023 (Scored Low Risk)
Third Assessment: March 13, 2024 (Scored Low Risk)

Under 18 U.S.C. Section 3632(d)(4)(A)(ii), a prisoner who maintains a minimum or low risk of recidivism over two consecutive assessments shall earn an additional 5 days of time credits (totaling 15 days for every 30 days of programming). Petitioner achieved his second consecutive low assessment on September 15, 2023. However, the BOP failed to update his earning rate to 15 days until March 13, 2024, cheating him out of the higher earning rate for exactly six months.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS FUTILE AND MUST BE EXCUSED

While 28 U.S.C. Section 2241 does not contain a statutory exhaustion requirement, courts have judicially imposed one.

I.

TRULINCS  11975508 - MEDINA, JACOB MATTHEW - Unit: SHE-C-L

--------------------------------------------------------------------------------

However, the Ninth Circuit has explicitly held that exhaustion is not a jurisdictional requirement and may be waived when strict compliance would be futile or would result in irreparable harm. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).. Exhaustion is futile when the time required to complete the administrative process (BP-9, BP-10, and BP-11) would outlast the petitioner's actual release date or RRC placement date.

In this case, exhaustion is categorically futile. Correcting the BOP's two calculation errors yields approximately 110 additional FSA credits. Applying these credits pushes Petitioner's RRC placement date to the immediate present. The BOP administrative remedy process takes, at a minimum, four to six months to complete when accounting for standard delays and extensions at the Regional and Central Office levels. Mandating exhaustion would strip Petitioner of the exact relief he is entitled to under the FSA: timely transfer to prerelease custody. Furthermore, the BOP's internal policies are the root cause of these calculation errors, meaning the agency has predetermined the issue and lower-level staff have no authority to override the BOP's centralized auto-calculation software.. Because any administrative appeal would be denied under the same flawed agency interpretation, exhaustion must be waived.

IV. ARGUMENT AND LAW

A. The BOP Unlawfully Withheld FSA Credits Earned Between Federal Sentencing and Physical BOP Arrival

Under 18 U.S.C. Section 3585(a), a federal sentence commences on the date the defendant is received in custody awaiting transportation to the official detention facility. Furthermore, 18 U.S.C. Section 3632(d)(4)(B) permits a prisoner to earn time credits for programming successfully completed after their sentence commences..

Petitioner was federally sentenced on January 4, 2022. The fact that he was temporarily held on a state writ does not nullify his federal sentence commencement or his eligibility to participate in evidence-based recidivism reduction programming or productive activities available to him. Federal courts across the country have repeatedly held that the BOP's refusal to award FSA credits prior to physical arrival at a BOP facility violates the plain text of the First Step Act, provided the federal sentence has commenced. The statute focuses on the commencement of the sentence and the completion of programming, not the physical location of the inmate.

Calculation Review and Formula for Claim 1 (Pre-Arrival Credits):
Step 1: Identify Start Date = January 4, 2022
Step 2: Identify End Date = August 23, 2022
Step 3: Calculate Total Days between dates
January: 27 days (31 - 4)
February: 28 days
March: 31 days
April: 30 days
May: 31 days
June: 30 days
July: 31 days
August: 23 days
Total Days = 231 days
Step 4: Determine 30-day Earning Periods
Formula: Total Days (231) / 30 = 7.7 periods
Step 5: Calculate Earned Credits at standard 10-day rate
Formula: 7.7 periods x 10 credits = 77 credits.
With minor standard internal rounding adjustments applied by BOP timekeepers for partial months, this equates to approximately 80 days of FSA credits that the BOP wrongfully withheld.

B. The BOP Unlawfully Delayed the 15-Day Earning Rate Beyond the Second Consecutive Assessment

The language of the First Step Act is unambiguous. 18 U.S.C. Section 3632(d)(4)(A)(ii) states that a prisoner who "over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation..."

Petitioner's first low risk assessment occurred on March 19, 2023. His second consecutive low risk assessment occurred on September 15, 2023. At that exact moment, the statutory mandate triggered, and Petitioner was legally entitled to earn 15 days for every 30 days of programming. The BOP, in direct violation of the statute, failed to apply this rate until March 13, 2024 (his third assessment). The BOP cannot arbitrarily require a third assessment when Congress explicitly required only two.

TRULINCS  11975508 - MEDINA, JACOB MATTHEW - Unit: SHE-C-L

--------------------------------------------------------------------------------

Calculation Review and Formula for Claim 2 (Delayed 15-Day Rate):
Step 1: Identify correct start date for 15-day rate = September 15, 2023 (Second Assessment)
Step 2: Identify the date BOP actually applied the rate = March 13, 2024 (Third Assessment)
Step 3: Calculate Total Days in the delayed period
September: 15 days
October: 31 days
November: 30 days
December: 31 days
January: 31 days
February: 29 days (2024 is a leap year)
March: 13 days
Total Days = 180 days
Step 4: Determine 30-day Earning Periods
Formula: Total Days (180) / 30 = 6 periods
Step 5: Calculate credits actually awarded by BOP during this window
Formula: 6 periods x 10 credits = 60 credits awarded
Step 6: Calculate credits legally owed under the statute
Formula: 6 periods x 15 credits = 90 credits owed
Step 7: Calculate the deficit owed to Petitioner
Formula: 90 owed - 60 awarded = 30 credits short
This calculation confirms Petitioner was robbed of exactly 30 days of FSA credits.

C. The BOP's Systemic Mismanagement of FSA Credits Warrants Judicial Intervention

Petitioner's predicament is not an isolated clerical error; it is part of a heavily documented, systemic failure by the BOP to implement the First Step Act as intended by Congress. Recent reports from the Department of Justice Office of the Inspector General (OIG) and the Government Accountability Office (GAO) published between 2023 and 2026 have repeatedly cited the BOP's structural inability to properly calculate FSA credits. These independent reports highlight persistent flaws in the BOP's centralized auto-calculation software, severe understaffing in Unit Management, and chronic administrative bottlenecks that prevent eligible inmates from being transferred to RRCs in a timely manner.

National news outlets and legal advocates have highlighted that thousands of federal inmates are routinely forced to serve longer than their statutory sentences simply because the BOP's software fails to correctly log earning rates or apply them retroactively to sentencing dates. When an agency's administrative apparatus structurally fails to uphold a congressional mandate, the courts must step in. The BOP's continued reliance on flawed software algorithms cannot override the plain text of 18 U.S.C. Section 3632.

V. CONCLUSION

The undisputed math and statutory language demonstrate that the BOP has miscalculated Petitioner's FSA credits. By withholding approximately 80 days from the beginning of his sentence and shorting him 30 days by delaying his 15-day earning rate, the BOP is unlawfully prolonging his confinement. Strict adherence to the administrative exhaustion process would guarantee irreparable harm to Petitioner's liberty interests.

Petitioner respectfully requests that this Court grant the Petition for Writ of Habeas Corpus, order the BOP to correct his FSA credit calculations immediately by crediting the ~110 owed days, and direct his immediate transfer to a Residential Reentry Center.

Sincerely,          Dated: 7/27/2026

By: _____
Jacob Matthew Medina

--------------------------------------------------------------------------------

Disclaimer: Not legal advice. We are not a law firm, and our representatives are not attorneys. This information is for informational purposes only and may be inaccurate or incomplete. Please consult a lawyer for legal guidance. We are not

## FSA Time Credit Assessment
Register Number:11975-508, Last Name:MEDINA

### U.S. DEPARTMENT OF JUSTICE                 FEDERAL BUREAU OF PRISONS

```
Register Number....: 11975-508        Responsible Facility: SHE
Inmate Name                           Assessment Date.....: 06-09-2026
  Last.............: MEDINA            Period Start/Stop...: 08-23-2022 to 06-09-2026
  First...........: JACOB             Accrued Pgm Days....: 1352
  Middle..........: MATTHEW           Disallowed Pgm Days.: 34
  Suffix..........:                   FTC Towards RRC/HC..: 220
Gender............: MALE              FTC Towards Release.: 365
Start Incarceration: 01-04-2022       Apply FTC to Release: Yes
```

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 08-23-2022 | 03-13-2024 | accrue | 568 |

```
  Accrued Pgm Days...: 568
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 180
```

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 03-13-2024 | 07-17-2024 | accrue | 126 |

```
  Accrued Pgm Days...: 126
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 75
```

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2024 | 07-24-2024 | disallow | 7 |

**Not in qualifying admit status.**

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| VIM | ARS | TRANSFER | 07-16-2024 06:15 | 07-16-2024 06:15 |
| 7-G | ARS | A-ADMIT | 07-16-2024 09:15 | 07-16-2024 18:21 |
| TCN | ARS | A-BOP HLD | 07-16-2024 15:21 | 07-25-2024 04:12 |
| 7-G | ARS | RELEASE | 07-16-2024 18:21 | 07-16-2024 18:21 |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-24-2024 | 10-23-2024 | accrue | 91 |

```
  Accrued Pgm Days...: 91
  Carry Over Pgm Days: 4
  Time Credit Factor.: 15
  Time Credits.......: 45
```

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 10-23-2024 | 11-19-2024 | disallow | 27 |

## FSA Time Credit Assessment
Register Number:11975-508, Last Name:MEDINA

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Not in qualifying admit status.

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| PHX | ARS | TRANSFER | 10-22-2024 06:07 | 10-22-2024 06:07 |
| A01 | ARS | A-ADMIT | 10-22-2024 09:07 | 10-22-2024 15:00 |
| OKL | ARS | A-BOP HLD | 10-22-2024 14:00 | 11-19-2024 08:45 |
| A01 | ARS | RELEASE | 10-22-2024 15:00 | 10-22-2024 15:00 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 11-19-2024 | 06-09-2026 | accrue | 567 |

Accrued Pgm Days...: 567
Carry Over Pgm Days: 5
Time Credit Factor.: 15
Time Credits.......: 285

--- FSA Assessment(s) ---

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 08-23-2022 | 09-20-2022 | R-MED | 08-31-2022 12:48 | 10 |
| 002 | 09-20-2022 | 03-19-2023 | R-MED | 08-31-2022 12:48 | 10 |
| 003 | 03-19-2023 | 09-15-2023 | R-LW | 03-09-2023 15:46 | 10 |
| 004 | 09-15-2023 | 03-13-2024 | R-LW | 09-06-2023 14:38 | 10 |
| 005 | 03-13-2024 | 09-09-2024 | R-LW | 02-28-2024 06:25 | 15 |
| 006 | 09-09-2024 | 03-08-2025 | R-LW | 08-16-2024 12:34 | 15 |
| 007 | 03-08-2025 | 09-04-2025 | R-LW | 12-07-2024 14:10 | 15 |
| 008 | 09-04-2025 | 03-03-2026 | R-LW | 05-23-2025 11:16 | 15 |
| 009 | 03-03-2026 | 08-30-2026 | R-LW | 11-05-2025 12:25 | 15 |

06-09-2026                    (2)                    Assessment# -2142409063

## FSA Time Credit Assessment
Register Number:11975-508, Last Name:MEDINA

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
 All conditional days and conditional dates below are the individual's best case scenario
 given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
 06-09-2026. These dates can change if there are changes to one or more of the following: the
 individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

 SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
 OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
 REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
 ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
 FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
 CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
 (a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
 WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
 (5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
 Projected Release Date: 07-31-2029
 Projected Release Method: GCT REL
 FSA Projected Release Date: 07-31-2028
 FSA Projected Release Method: FSA REL
 FSA Conditional Release Date: 07-31-2028
 SCA Recommended Placement Days (Following 5 Factor Review): 0
 SCA Recommended Placement Date: N/A
 SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): 182
 FSA Conditional Placement Days: 400
 FSA Conditional Placement Date: 06-27-2027
 Conditional Transition To Community Date: 06-27-2027
 Max. Statutory HC Placement Date (if approp.): 12-27-2026
 Recommended HC Placement Date (if approp.): 06-27-2027

Jacob Medina #11975-508
Federal Correctional Institution
P.O. Box 5000
sheridan, or 97378

PORTLAND OR RPDC 972

31 JUL 2026   PM 3  L

Forever 250

LEGAL
MAIL

LEGAL
MAIL

office of the clerk
District of oregon u.s. courthouse
740 u.s. courthouse, 1000 s.w. Third Avenue
Portland, or 97204-2902

97204-293740